UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 08-61-KSF

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                     **OPINION & ORDER**

MARVIN LEE FOXX, et al.                                           DEFENDANTS

\* \* \* \* \* \* \* \*

The United States has filed a notice of its intention to present evidence of a prior conviction pursuant to Federal Rule of Evidence 404(b) and Federal Rule of Evidence 609(b). The defendant has filed a response opposing the United States's use of evidence relating to his prior conviction. The court, having reviewed the record and being otherwise sufficiently advised, will permit the United States to use the evidence consistent with the provisions in this Opinion and Order.

**I.   BACKGROUND**

The United States proposes to present evidence of defendant's conviction for possession of a controlled substance in the first degree imposed by the Union Circuit Court, Commonwealth of Kentucky and entered on July 17, 1997, under Rule 404(b) to show intent, opportunity, knowledge, absence of mistake or accident, plan or motive in the present case. Additionally, should the defendant testify at trial, the United States intends to use the conviction for impeachment purposes under Rule 609(b). The defendant has objected to the use of the evidence arguing that its probative value is outweighed by its prejudicial effect.[1]

---

[1] The defendant also objected on grounds of insufficient notice of intent to use such evidence because he received notice of the United States' intent to use such evidence less than one week prior to the original trial date. Since the trial was continued by several weeks due to other circumstances, the defendant's argument that he did not have sufficient time to adequately review the record and circumstances surrounding the prior conviction is without merit. The defendant has had adequate time to prepare.

**II.   ANALYSIS**

**A.   404(b)**

Rule 404(b) "is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified." *United States v. Vance*, 871 F. 2d 572, 575 (6th Cir. 1989) (citing *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985)). While the law is clear that evidence of past criminal activity is inadmissible to show criminal propensity, *United States v. Ismail*, 756 F. 2d 1253, 1258-59 (6th Cir. 1985), "Rules 401 and 402 establish the broad principle that relevant evidence - evidence that makes the existence of any fact at issue more or less probable - is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). The government, however, has the burden of convincing the court that this prior bad act evidence is relevant for a purpose other than on a theory of propensity and that Rule 403 does not otherwise require exclusion of the evidence. "[S]pecifically, [the government] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Barnes*, 1993 WL 339970 (citing *United States v. Mehrmanesh*, 689 F. 2d 822, 830 (9th Cir. 1982) (requiring the government to show how the proffered evidence is relevant to one or more issues in the case)).

The court must engage in a three-step analysis in making its determination whether to admit Rule 404(b) evidence. Initially, the court must make a preliminary determination regarding whether there is sufficient evidence that the other crimes took place. Then, the court must determine whether the evidence of other crimes is admissible for a proper purpose under Rule 404(b). Finally, the court must determine whether the other crimes evidence is more probative than prejudicial. *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). Once the court decides that the evidence is admissible under Rule 404(b), then it "must carefully identify in its instructions to the jury, the specific factor

named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden [by] Rule 404(b)." *United States v. Johnson*, 27 F. 3d 1186, 1194 (6th Cir. 1994).

In this case, under the first step of the 404(b) evidence admissibility test, there is sufficient evidence that the other crime sought to be introduced in this case occurred. While the United States does not state specifically what evidence of the defendant's other crime it intends to present, the defendant refrains from arguing that the prior conviction did not occur or that the United States will present insufficient evidence to show that he committed the prior drug offense. Thus, the court concludes that there is sufficient evidence to show that the defendant committed the prior crime.

Turning to the second step of the 404(b) evidence admissibility test, the evidence of the prior conviction is admissible for a proper purpose. "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). Evidence of past crimes is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or "in issue" and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Rayborn*, 495 F. 3d 328, 342 (6th Cir. 2007).

Rule 404(b) provides that "evidence of other crimes, wrongs or acts" may be admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In this case, the United States seeks to introduce evidence of the prior conviction for possession of a controlled substance to establish intent, opportunity, knowledge, absence of mistake or accident, plan or motive. All of these purposes are expressly permissible

under Rule 404(b); however, the court must determine whether these purposes are "at issue" in this case. "[T]he government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *United States v. Merriweather*, 78 F. 3d 1070, 1076 (6th Cir. 1996).

Intent to enter into the conspiracy, knowledge, opportunity, absence of mistake and/or accident are legitimate purposes for the United States to offer evidence of the defendant's prior conviction because the defendant claims that he was merely an "innocent bystander" at the scene and thus lacked requisite knowledge of a conspiracy as well as the requisite intent to enter into an agreement to distribute drugs. Prior drug convictions are admissible as probative of intent to engage in the charged drug conspiracy. *See Untied States v. Ward*, 190 F. 3d 483, 489 (6th Cir. 1999). For other acts evidence to be admissible for the purpose of showing absence of mistake or accident, the defendant must assert some type of mistake or accident. *See United States v. Newsom*, 452 F.3d 593, 606 (6th Cir. 2006). Claims of innocent presence or association, such as made by the defendant, routinely open the door to 404(b) evidence of other bad acts. *United States v. Lattner*, 385 F. 3d 947, 957 (6th Cir. 2004).

For instance in *United States v. Ismail*, 756 F. 2d 1253 (6th Cir. 1985), the defendant was convicted of conspiring to import and distribute heroin based, in part, on evidence that his name, telephone number and address, and a statement of account were found in the address book of a known drug dealer. There, the defendant attempted to claim innocent association - that is, his ties to the drug dealer arose only out of his legitimate business ventures wherein he traveled to the United States to make bulk sales of precious stones. The court upheld the district court's decision to allow testimony regarding two prior uncharged hashish and cocaine transactions as evidence of prior bad acts under 404(b). The appellate court ruled that the evidence of prior drug transactions could be

introduced to prove a scheme or plan to traffic hashish and that proving said scheme was probative with respect to evaluating defendant's defense of innocent association. *See also United States v. Latney*, 108 F. 3d 1446 (D.C. Cir. 1997) (admitting evidence of later drug transaction because "less likely that he was merely a bystander" on occasion of charged offense and tended to "prove intent and knowledge"); *United States v. Ruiz-Estrada*, 312 F. 3d 398 (8th Cir. 2002) (admitting conviction for possession of cocaine where defendant claimed he was merely present at apartment watching television and he lacked knowledge of conspiracy); *United States v. Mendoza*, 341 F. 3d 687 (8th Cir. 2003) (defendant's prior conviction for drug trafficking was admissible to rebut defense that the defendant was merely present).

Here, the defendant contests his criminal intent - a state of mind inconsistent with accident or inadvertence - so the prior conviction is relevant to whether he was distributing drugs. Given his past involvement with drugs, it is less likely that he was an "innocent bystander" because he had knowledge of what was occurring and was present at the scene. Further, in advocating the theory that he lacked the requisite knowledge to enter into an agreement to join a conspiracy to distribute drugs, the defendant has placed his state of mind at issue. Rule 404(b) evidence is admissible to show knowledge when the defendant places his state of mind at issue. *See United States v. Frazier*, 280 F. 3d 835, 847-48 (8th Cir. 2002) (evidence of a prior drug possession and sale to undercover officer were admissible to rebut defendant's claim that he did not knowingly join a conspiracy). The age of the prior conviction does not affect the defendant's knowledge about drugs.

Intent to distribute, however, is not a legitimate reason for the United States to offer evidence of the defendant's prior conviction. While intent is "at issue" in the distribution charge, the prior conviction is not probative intent to commit the charged crimes. Intent is "at issue" because it is an element that the government must prove to establish that the defendant distributed a controlled

substance in violation of 21 U.S.C. § 841. The Sixth Circuit has "repeatedly recognized that prior drug distribution evidence is admissible to show intent to distribute." *United States v. Ayoub*, 498 F. 3d 532, 548 (6th Cir. 2007). However, "such evidence is probative of present intent to possess and distribute when the prior distributions were part of the same scheme or involved a similar *modus operandi* as the present offense." *United States v. Bell*, 516 F. 3d 432, 443 (6th Cir. 2008). When the court determines whether evidence of other acts is probative of intent, it must determine whether the evidence is "substantially similar and reasonably near in time" to the current issue of intent. *United States v. Haywood*, 280 F. 3d 715, 721 (6th Cir. 2002). While "[t]here is no absolute maximum number of years that may separate a prior act and the offense charged," *United States v. Ismail*, 756 F. 2d 1253, 1260 (6th Cir. 1985), to be probative of the defendant's present intent, the prior acts must be related in some way to the present crime. Put another way, the past and present crime must be related by being part of the same scheme of drug distribution. Otherwise, the "fact that a defendant has intended to possess and distribute drugs in the past does not logically compel the conclusion that he presently intends to possess and distribute drugs." *Id*. at 443-44. "The passage of time and changing circumstances are more likely to significantly change one's intent than they are to obliterate knowledge once gained." *United States v. Rubio-Gonzalez*, 674 F. 2d 1067, 1074 (5th Cir. 1982). The age of the prior conviction may not be as important if the government offers that the present charges result from the same facts as the prior conviction.

In this case, the defendant's prior conviction was for unlawful possession of a controlled substance which is a similar charge to the one in this case but it is not identical. Further, the conviction was for an offense that occurred more than ten years ago. The United States has not alleged to be part of the same scheme to distribute drugs or involve a similar *modus operandi*. Such evidence of prior possession, unconnected to the present charge, is not probative of whether the

defendant intended to possess and distribute a controlled substance in the instant case. Thus, the prior conviction evidence is not admissible for the purpose of proving the defendant's intent to distribute.

Proceeding to the third and final step of the 404(b) evidence admissibility test, the court finds that the probative value of the prior crimes evidence outweighs any potential unfair prejudicial effect of the evidence. The 404(b) evidence herein is probative on a wide array of issues, all of which may be relevant to this case as it develops at trial. Further, no facts exist to show why this evidence should be seen as more prejudicial than the evidence at issue in numerous other cases wherein the Sixth Circuit has upheld admissibility of prior drug conduct. Although, as with all admitted evidence of prior bad acts, the court may assume that some prejudice may potentially result from the testimony concerning the prior drug conviction, any risk of unfair prejudice can be cured by the court's strong cautionary instruction about the limited permissible use of the evidence during the general jury instructions. This will help insure that the defendant will not be prejudiced by the introduction of evidence of a prior conviction. *See United States v. Lattner*, 385 F. 3d 947, 958 (6th Cir. 2004).

**B.    Rule 609(a)**

The government by way of the present motion proposes to use the evidence of the prior conviction pursuant to Rule 609(a) if the defendant chooses to testify. If the defendant chooses to testify, his credibility will be in issue and the prior conviction is relevant to his credibility. Since more than ten years have elapsed since the conviction or the date of his release, Rule 609(b) requires the United States to prove that the probative value of the conviction substantially outweighs the prejudicial effect. For the reasons set forth above, the court finds that the probative value substantially outweighs the prejudicial effect and the evidence should be admitted.

**III.     CONCLUSION**

Accordingly, IT IS ORDERED that the United States's motion to admit evidence of a prior conviction [DE #32] is GRANTED. The evidence of the prior conviction may be admitted consistent with this Opinion and Order.

This 16th day of July, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge